Danieal H. MILLER, Appellant,

v.

DIRECTOR OF REVENUE,
Respondent.

No. 67711.

Supreme Court of Missouri,
En Banc.

Nov. 18, 1986.
Rehearing Denied Dec. 18, 1986.

Danieal H. Miller, Columbia, for appellant.

William L. Webster, Atty. Gen., Warren Weinstein, Richard L. Wieler, Asst. Attys. Gen., Robert D. Aulgur, James A. Chenault III, Sp. Attys. Gen., Missouri Dept. of Revenue, Jefferson City, for respondent.

ROBERTSON, Judge.

Appellant, Danieal H. Miller, appeals a judgment of the Circuit Court suspending his driving privilege pursuant to the Administrative Suspension and Revocation Act (hereafter, the "Act") §§ 302.500 to 302.540, RSMo Cum.Supp. 1984. On appeal, appellant challenges the sufficiency of the state's evidence at trial. Appellant further contends that the provisions of § 302.-510 requiring municipal police officers to file certain reports with the Director of Revenue violate Mo.Const.art. X, § 21. Because of the constitutional challenge, we have jurisdiction. Mo.Const.art. V, § 3. The judgment of the trial court is affirmed.

## I.

On February 11, 1984, Officer Brian Henning of the Columbia, Missouri Police Department was called to the scene of an accident in Columbia, Missouri. Upon arrival, Officer Henning found the appellant sitting in the driver's seat of one of the vehicles involved in the accident. After speaking with appellant and observing his actions, Officer Henning suspected that appellant was intoxicated and asked him to perform three field sobriety tests. Based on appellant's poor performance on these tests, as well as his admissions that he was driving the vehicle and had been drinking earlier that evening, Officer Henning placed appellant under arrest for driving while intoxicated. Officer Henning transported appellant to the Columbia Police Department where Officer Bobby Deeter administered a breath analysis test. That test revealed a blood alcohol content of .18 percent.

Pursuant to § 302.510, RSMo Cum.Supp. 1984, Officer Henning forwarded a verified report of appellant's arrest and the results of appellant's breath analysis test to the Department of Revenue. Because his blood alcohol content exceeded .13 percent, respondent suspended appellant's driving privileges pursuant to § 302.505.

Following an administrative hearing which affirmed his suspension, appellant sought a trial de novo in the Circuit Court pursuant to § 302.535.1. At trial, the parties stipulated that no compensation is paid by the State of Missouri to the City of Columbia, Missouri, or its police department for performance by Columbia police officers of the duties required of them under § 302.510. The parties further stipulated that appellant is a taxpayer and resident of the State of Missouri. The trial court rejected appellant's constitutional challenge to the Act and upheld the suspension of appellant's driving privilege.

## II.

Our jurisdiction in this case is premised on appellant's art. X, § 21 challenge to § 302.510. Art. X, § 21, provides in pertinent part:

A new activity or service or an increase in the level of any activity or service beyond that required by existing law shall not be required by the general assembly ... of counties or other political subdivisions, unless a state appropriation is made and disbursed to pay the county or other political subdivision for *any increased costs*. (Emphasis added.)

Thus, by its plain language, a violation of art. X, § 21 exists if both (1) a new or increased activity or service is required of a political subdivision by the State and (2) the

political subdivision experiences increased costs in performing that activity or service.

Appellant argues that "common sense" dictates that whenever a local government performs a new or increased activity or service, its costs are *necessarily* increased. Confident of his position at trial, appellant failed to produce any evidence that the City of Columbia had incurred any increased costs for the performance of the duties required by § 302.510.

Even if one assumes, *arguendo*, that the reporting function required of police officers under § 302.510 constitutes an increase in an activity or service for purposes of art. X, § 21, it does not necessarily follow that a political subdivision also experiences increased costs. In this case, it is not unreasonable to infer, among other things, that the reporting requirements of § 302.510 constitutes such a minor imposition on police officers' time that the City experiences no quantifiable increased cost. Appellant's "common sense" is no more than mere speculation in the absence of supporting evidence.

■ "A statute is presumed constitutional and must not be held otherwise unless 'clearly and undoubtedly' contravening the Constitution, *Prokopf v. Whaley*, 592 S.W.2d 819, 824 (Mo. banc 1980)...." *Winston v. Reorganized School District R-1, Lawrence County*, 676 S.W.2d 324, 327 (Mo. banc 1982). Here, appellant's constitutional argument, resting as it does on speculation and conjecture, fails to overcome the presumption of constitutionality which the statute enjoys. The point is denied.

## III.

■ We turn now to appellant's appeal of his license suspension. At the outset, we acknowledge that proceedings under the Act are civil, not criminal.[1] The Director must prove his case by a preponderance of the evidence at the administrative review stage. § 302.530.4. We believe

that the Director bears the same burden of proof at the trial *de novo* stage. On appeal, we review the evidence and reasonable inferences drawn from that evidence in the light most favorable to the verdict. *Smithpeter v. Wabash R. Co.*, 231 S.W.2d 135, 144; *Southgate Bank & Trust Co. v. May*, 696 S.W.2d 515, 519 (Mo.App.1985).

Initially, appellant contends that the state failed to prove that he operated a motor vehicle while his blood alcohol content was 13 hundredths (.13) of one percent or more. Appellant contends that the Director failed to adduce evidence at trial as to the time of the accident, the time Officer Henning was dispatched to the scene of the accident, the time Officer Henning arrived at the scene, and the time at which Officer Henning developed the opinion that appellant was intoxicated.

Appellant relies on *State v. Kennedy*, 530 S.W.2d 479 (Mo.App.1975), for the proposition that the State's evidence is insufficient unless it establishes the time span between defendant's actual operation of the vehicle and the time of his arrest. In *Kennedy*, defendant was charged with driving while intoxicated under the criminal statutes. Defendant was arrested outside a vehicle blocking a lane on a highway. The State produced no evidence at trial that defendant had ever operated the vehicle. Because the State was required to prove its case beyond a reasonable doubt, the Court of Appeals reversed defendant's conviction.

■ Here, the Director bears a lesser burden under the statute—a preponderance of the evidence. At trial, the Director adduced the following unrebutted evidence: The arresting officer found appellant behind the steering wheel of his automobile drinking a soft drink; appellant's auto had been involved in an accident; appellant admitted that he had been driving the vehicle; appellant admitted that he had been drinking that evening; appellant staggered when walking, was glassy eyed, spoke in a slurred manner, and smelled of intoxicants;

1. Section 302.505.3 expressly directs that proceedings instituted under the Act are independent of criminal charges which may also flow from a driver's conduct.

appellant failed three field sobriety tests administered by the arresting officer; and appellant's blood alcohol content measured eighteen hundredths (.18) of one percent.

From this uncontroverted evidence, the trier of fact could reasonably infer that appellant drove his vehicle while intoxicated. The uncontraverted evidence tends to exclude every other reasonable, contrary conclusion. *Stark v. American Bakeries Co.*, 647 S.W.2d 119, 125 (Mo. banc 1983). Appellant's point is denied.

### IV.

As his final point, appellant urges that the trial court erred in admitting into evidence Officer Deeter's Type III operator's permit for the reason that the Director failed to produce a copy of the permit in response to the petitioner's request for production of documents.

"It is settled that if breathalizer tests are administered by certified operators in accordance with the operating procedures promulgated by the Missouri Division of Health, a prima facie case for the introduction of test results is made. *State v. Bush,* 595 S.W.2d 386, 389 (Mo.App.1980)." *Collins v. Director of Revenue,* 691 S.W.2d 246, 253 (Mo. banc 1985); § 577.020(3), RSMo Cum.Supp. 1984. 13 CSR 50–140.-020(1) provides for issuance of Type III permits to qualified individuals.

■ Appellant's argument proceeds from the incorrect premise that only the Type III permit itself is proof of Officer Deeter's qualifications to administer breath analysis tests. Whether Officer Deeter possessed such a permit is a matter within his personal knowledge. *Vance v. McNeill,* 711 S.W.2d 531, 532 (Mo.App. 1986). At trial, the officer testified that he had completed training for and had received his Type III permit from the Missouri Division of Health. In the presence of such testimony, the permit itself is unnecessary. Therefore, we need not address the question whether the trial court erred in admitting the permit over appellant's objection. The officer's uncontroverted testimony was sufficient to prove up his qualifications.

### V.

The judgment of the trial court is affirmed.

All concur.