David B. HIEGER, Appellant,

v.

DIRECTOR OF REVENUE, Respondent.

No. 51018.

Missouri Court of Appeals, Eastern District, Division One.

July 21, 1987.

Daniel V. Boeckman, Elizabeth W. Swann, O'Fallon, for appellant.

William L. Webster, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appellant (driver) was found by a preponderance of the evidence to have been driving a motor vehicle while his blood alcohol concentration (BAC) was .13 percent or

more by weight, contrary to § 302.505, RSMo 1986. We affirm.

The question is whether the State made a submissible case of proving driver had a BAC of .13 percent or more by weight at the time he was driving, when the evidence was he had a BAC of .14 percent by weight one hour and twenty minutes after he was arrested.

The parties stipulated that there was probable cause to arrest driver for driving while intoxicated and that driver's BAC one hour and twenty minutes after his arrest was .14 percent by weight. The facts as stipulated are: at approximately 9:20 p.m. on April 25, 1985, an officer from the St. Charles County Sheriff's office was dispatched to Lowery Hill, St. Charles County, in response to a report of a motor vehicle in a ditch; upon arriving the officer found driver in and operating a vehicle in the ditch; at approximately 9:40 p.m., after observing driver and administering field sobriety tests, the officer arrested driver for Driving While Intoxicated; and upon questioning by the officer, driver said he had two or three beers between 7:30 p.m. and 8:30 or 9:00 p.m.

The director offered no other evidence, and the trial court found director made a submissible case. Driver put on evidence that it could not be determined whether driver had a BAC of .13 percent or more at the time he was driving the car. Driver's expert testified he would have to know how long driver had been drinking, how much driver had consumed during the last ten-fifteen minutes of the drinking, how much food was in driver's stomach, driver's weight, whether driver was an alcoholic to determine his BAC level at 9:20 p.m. based upon the reading at 10:40 p.m. because "everybody's vital functions are different."

After all the evidence the trial court found driver's "evidence raised ... mere speculation that [driver's BAC] was *either* higher *or* lower" (emphasis ours) than .14 percent at the time of arrest not that it was lower.

Driver asserts director did not prove his case by a preponderance of the evidence because it would be speculation as to what driver's BAC was at the time deputy arrested him. Driver contends the trial court would have had to speculate as to driver's rate of consumption, weight, vital functions, etc., in order to conclude that while driver was intoxicated enough to drive his car into a ditch and appear intoxicated to a police officer, his BAC at 9:20 was at least .011 percent less than it was one hour and twenty minutes later when it was tested to be .14 percent.

The Missouri Supreme Court discussed the elements of proof required of the director under § 302.505 in the case of *Collins v. Director of Revenue*, 691 S.W.2d 246, 252 [11] (Mo.banc 1985). In the case at bar, the parties stipulated that driver was arrested upon probable cause to believe that he was driving in violation of the laws of this state prohibiting driving while intoxicated and further that, once arrested, driver submitted to a chemical analysis which indicated a blood alcohol concentration of .14 percent. Under the analysis of *Collins*, the first portion of the test was met by the stipulation; however, the ruling in *Collins* requires the Department of Revenue to further determine, upon a preponderance of the evidence, whether driver had been driving while his blood alcohol concentration was at least .13 percent.

Driver, who was in the custody of deputy from the time he was picked up until he was given the test and partook of no alcohol during that time, may, or may not, have had a BAC of .13 percent or more at the time he was driving his car. However, there was no evidence introduced to show driver's BAC was below .13 percent at 9:20 p.m. Drinking of alcohol is a frequent occurrence; it does not baffle the mind to believe the director proved this case by a preponderance of evidence when it showed driver appeared to be intoxicated at the scene of an accident and had a BAC of .14 percent one hour and twenty minutes after being arrested. Once the director proved its case by a preponderance of the evidence, it was then incumbent upon driver to present evidence that his BAC was less

than .13 percent at the time he was driving his car.

Neither the State nor its citizen drivers can afford to have a battery of experts at each and every case processed under § 302.505, RSMo 1986. *See Arth v. Director of Revenue,* 722 S.W.2d 606 (Mo. banc 1987) (establishing a reasonable judicial approach in handling license revocation cases). When the legislature provided for the admissibility of BAC, it had to know that there would be some period of time from the determination of probable cause until the test was given. Societal pressures mandate that director not be required by scientific evidence to show that driver had a BAC .13 or more, at the actual moment of collision, when it can be reasonably assumed from the other evidence that his BAC at the time of collision was at least .13 percent or more, and that he was intoxicated while driving. *State v. English* 575 S.W.2d 761, 765 [6] (Mo.App.1978).

Judgment affirmed.

SATZ, C.J., and KELLY, J. concur.