Richard L. COX, Respondent,

v.

DIRECTOR OF REVENUE, State of Missouri, Appellant.

No. 15225.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 6, 1988.

William L. Webster, Atty. Gen., Cynthia B. Green, Asst. Atty. Gen., Jefferson City, for appellant.

Ben K. Upp, Springfield, for respondent.

HOGAN, Judge.

The Director of Revenue suspended Richard L. Cox's driver's license pursuant to the license suspension procedures set forth in §§ 302.500–302.540, RSMo 1986.[1] Cox requested an administrative hearing as provided by § 302.505.2 and the Director's initial suspension was upheld by the hearing officer. Cox thereupon petitioned for trial de novo as permitted by § 302.535 and the trial court reversed the order of suspension. The Director appeals. We reverse.

At the trial de novo, the State's evidence was: At approximately 4:58 p.m. on December 5, 1986, a Springfield city police officer was dispatched to the 1600 block of East Turner, in Springfield, in response to a report of an accident involving a motor vehicle. The officer arrived at the scene of the accident at 5:20 p.m. The officer found a pickup truck turned over on its side. He asked who had been driving the truck. Cox said he had been driving. The officer asked Cox if he had been drinking. Cox replied that he had. Cox appeared to be intoxicated; the officer placed him under arrest for driving while intoxicated and had him transported to the city police station where a chemical breath test could be administered. A chemical breath test was administered at 5:55 p.m. Cox's blood alcohol content was .16 percent approximately 1 hour after the officer was dispatched to the scene of the accident. Cox had nothing to drink after the accident.

Two points have been briefed, but the decisive question presented is whether the State proved the driver had a BAC of .13 percent or more by weight at the time he

---

1. References to statutes and rules are to RSMo 1986 and V.A.M.R., except where otherwise noted.

was driving, when the evidence was that he had a BAC of .16 percent by weight 1 hour after he was arrested.

■ Our Supreme Court discussed the elements of proof required of the Director under § 302.505 in *Collins v. Director of Revenue*, 691 S.W.2d 246, 252[11] (Mo.banc 1985). The first requirement is that a driver be arrested upon probable cause that he or she is driving in violation of § 577.010 or 577.012. Cox appeared to be intoxicated when the investigating officer arrived at the scene of the accident. He admitted he had been drinking. His breath smelled of intoxicants and his eyes were bloodshot and watery. He was having difficulty maintaining his balance without walking around. The arresting officer had probable cause to arrest Cox in view of Cox's statement that he had been drinking and was the driver of the overturned pickup.

■ The other element of the Director's case was a showing, by a preponderance of the evidence, that Cox had been driving at a time when his blood alcohol concentration was at least .13 percent. *Collins v. Director of Revenue*, 691 S.W.2d at 252; *Hieger v. Director of Revenue*, 733 S.W.2d 491, 492 (Mo.App.1987). Here, we have the following evidence: The arresting officer received the report of the accident at approximately 4:58 p.m. He testified—without objection—that he arrived at the scene 22 minutes after the police department received its report of the accident. When the officer arrived at the scene, Cox was grossly intoxicated, and 1 hour after he was arrested, his blood alcohol content was .16 percent by weight. Cox argues nevertheless that the second element was not proved because the precise time the accident occurred was not shown.

We do not agree. A similar argument, upon comparable facts, was presented to our colleagues at St. Louis in the *Hieger* case. There, the driver was arrested at the scene of the accident upon reasonable cause at 9:20 p.m. An hour and twenty minutes later, the driver's blood alcohol content was .14 percent. The court held the proof was sufficient to establish that the driver had been driving while his blood

alcohol concentration was at least .13 percent. We cordially agree. In particular, we concur in the court's statement that:

"Neither the State nor its citizen drivers can afford to have a battery of experts at each and every case processed under § 302.505, RSMo 1986. ... When the legislature provided for the admissibility of BAC, it had to know that there would be some period of time from the determination of probable cause until the test was given. Societal pressures mandate that [the] director not be required by scientific evidence to show that [the] driver had a BAC [of] .13 or more, at the actual moment of collision, when it can be reasonably assumed from the other evidence that his BAC at the time of [the accident] was at least .13 percent or more, and that he was intoxicated while driving."

■ Cox further argues that the suspension was invalid because there is no proof that he was arrested within one and one-half hours after the claimed violation, as prescribed by § 577.039. The statute cited has no application to arrests founded on municipal ordinances. *Strode v. Director of Revenue*, 724 S.W.2d 245, 247 (Mo.banc 1987). Cox was arrested for violation of a municipal ordinance.

Section 302.535 provides that the order of case before us "be decided by the judge sitting without a jury." Appellate review is therefore controlled by *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo. banc 1976). Careful review of the slender record has left us with a firm belief that the judgment is wrong. Accordingly, the judgment of the trial court is reversed with directions to reinstate the Director's order. It is so ordered.

PREWITT, P.J., and FLANIGAN and MAUS, JJ., concur.