David L. CAIN, Petitioner/Respondent,

v.

DIRECTOR OF REVENUE, STATE OF
MISSOURI, Respondent/Appellant.

No. 66015.

Missouri Court of Appeals,
Eastern District,
Division One.

April 18, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., Rodney P. Massman, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Laurence G. Schmidt, Festus, for respondent.

Before REINHARD, P.J., and GARY M. GAERTNER and CRAHAN, JJ.

PER CURIAM.

The Director of Revenue (Director) appeals from a trial court judgment reinstating petitioner's driving privileges. We reverse and remand.

Pursuant to the suspension procedures set forth in §§ 302.500–302.540 (RSMo 1986 and Supp.1993), the Director sustained the suspension of petitioner's operating license following an administrative hearing in which the Director found that petitioner was arrested upon probable cause to believe he was driving a motor vehicle while the alcohol concentration in his blood was 0.10% or more by weight. Petitioner thereupon petitioned for trial *de novo* as permitted by § 302.535, RSMo 1986, and the trial court reversed the order of suspension.

At the trial *de novo*, the Director's principal evidence was supplied by Officer John Frances Bridges of the Crystal City Police Department. He testified that, on the evening of June 28, 1993, a call was received by the police department at 7:03 p.m. reporting a two-car accident in Crystal City. He was dispatched to the scene and arrived at approximately 7:11 p.m. Both vehicles had been moved to parked positions at the curbside. Several people were standing near the vehicles. Officer Bridges first talked to an elderly couple who claimed they were the driver and occupant of one of the vehicles involved in the accident.[1] Petitioner then identified himself to Officer Bridges as the driver of the other vehicle in the accident. He described how the accident occurred. He claimed his tires were bald and that as he attempted to exit from a parking lot his vehicle lost traction resulting in his hitting the other vehicle. As petitioner spoke, Officer Bridges developed a suspicion that petitioner was intoxicated due to the odor of alcoholic beverage, his manner of speech and his affected manner of walking. Petitioner admitted consuming six alcoholic drinks that evening at the "Smokehouse" in Festus, Missouri. Three field sobriety tests were conducted, and petitioner performed unsatisfactorily. Officer Bridges arrested him under section II of Crystal City Ordinance No. 616, which prohibits driving while intoxicated. Subsequently, a breathalyzer analysis of driver indicated petitioner had a blood alcohol content of 0.115% by weight. Petitioner presented no evidence at the hearing.

---

1. Officer Bridges testified that the elderly couple told him that they had called the police station a few minutes following the accident. However, this testimony was objected to as hearsay, and the objection was sustained.

■    Appellate review of this case is controlled by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Cox v. Director of Revenue*, 756 S.W.2d 943, 944 (Mo.App.1988). The decision of the trial court will be affirmed unless: (1) it is unsupported by substantial evidence; (2) it is against the weight of the evidence; or (3) it erroneously declares or applies the law. *Murphy*, 536 S.W.2d at 32. Furthermore, we review the evidence and reasonable inferences drawn from the evidence in the light most favorable to the verdict. *Miller v. Director of Revenue*, 719 S.W.2d 787, 789 (Mo. banc 1986).

■    Section 302.505.1, RSMo Supp.1993, directs the Director to suspend or revoke the operating privileges:

of any person upon its determination that the person was arrested upon probable cause to believe he was driving a motor vehicle while the alcohol concentration in the person's blood or breath was ten-hundredths of one percent or more by weight of alcohol in his blood, ...

This statute has been interpreted by the Supreme Court of Missouri as requiring a two-part showing by the Director before a suspension or revocation may be instituted. *Collins v. Director of Revenue*, 691 S.W.2d 246, 252 (Mo. banc 1985). The first requirement is that the driver was arrested upon probable cause that he or she was driving in violation of an alcohol related offense. *Id.; Cox*, 756 S.W.2d at 944. The second required showing is that the driver had been driving at a time when his blood alcohol concentration was at least 0.10% by weight. *See Collins*, 691 S.W.2d at 252; *Cox*, 756 S.W.2d at 944. These showings must be made by a preponderance of the evidence. *Cox*, 756 S.W.2d at 944. This burden of proof remains with the Director at the trial *de novo* stage. *Miller*, 719 S.W.2d at 789.

The Director's sole point on appeal contends:

The trial court erred in setting aside the suspension of [petitioner's] driving privilege because said suspension was proper, in that the evidence showed that the officer had probable cause to arrest [petitioner] for driving while intoxicated and the "hour and a half" rule of § 577.039, RSMo does not apply to DWI arrests founded on municipal ordinances.

In response, petitioner contends:

The trial court did not err in setting aside the suspension of [petitioner's] driving privilege [sic], in that [Director] failed to demonstrate by a preponderance of the evidence that there existed sufficient probable cause that respondent was driving while intoxicated and that the trial court's decision was not contrary to the evidence, was supported by substantial evidence, and was not the result of a misapplication of the law.

We initially note it is clear the *de novo* court did not base its ruling on the "hour and a half" provision of § 577.039, RSMo 1986.[2] The *de novo* court explained the reason it was setting aside the suspension as follows:

I do have a problem with the time of the accident though. There was no indication, there was no evidence when this accident took place. This accident possibly could have taken place two hours before the first officer arrived on the scene.

■    Nothing in the statutes or case law requires the Director to prove the time of an accident. *See, e.g., Cox*, 756 S.W.2d at 944; *Miller*, 719 S.W.2d at 789–90; *Hieger v. Director of Revenue*, 733 S.W.2d 491, 492 (Mo. App.1987). Rather, this case is controlled by the recent decision in *Reinert v. Director of Revenue*, 894 S.W.2d 162 (Mo. banc 1995), where the Supreme Court of Missouri reversed and remanded a *de novo* court's reinstatement of driving privileges. The Director's burden to prove probable cause to arrest and to prove the identity of Reinert as

---

2.  Section 577.039, RSMo 1986, reads:
    An arrest without a warrant by a law enforcement officer, including a uniformed member of the state highway patrol, for a violation of section 577.010 or 577.012 is lawful whenever the arresting officer has reasonable grounds to believe that the person to be arrest-

ed has violated the section, whether or not the violation occurred in the presence of the arresting officer; provided, however, that any such arrest without warrant must be made within one and one-half hours after such claimed violation occurred.

the driver by a preponderance of the evidence was at issue. Reinert argued "that the trial court might have disbelieved the testimony of the officer; thus it might have found that the director failed to bring sufficient evidence that the officer had probable cause to arrest Reinert or that Reinert was indeed the driver arrested." *Id.* at 164. The supreme court held:

> Reinert's argument must fail. The arresting officer was unequivocal in identifying Reinert as the driver. The officer testified that Reinert drove erratically, smelled of alcohol, and failed three field sobriety tests. The officer was the sole witness at trial. Reinert introduced no evidence. Because the record does not support findings that Reinert was not the driver or that the officer lacked probable cause for the arrest, the judgment cannot be affirmed on this basis.

*Id..*

Similarly, the record here does not support a finding that petitioner's blood alcohol test result did not reflect his blood alcohol concentration at the time he admitted driving. Compelled by the holding in *Reinert,* we must reverse the judgment of the *de novo* court and the cause is remanded with direction to reinstate the Director's revocation of petitioner's driving privileges.

Judgment reversed and remanded.