**Steven Jay WALKER, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

**No. 67943.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

May 14, 1996.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Charles W. Medley, Farmington, for respondent.

GRIMM, Presiding Judge.

The Director of Revenue appeals the circuit court's judgment reinstating Steven Jay Walker's driving privileges. Director suspended his privileges pursuant to § 302.505.*

Director's first point alleges the circuit court's judgment is "unsupported by the evidence and erroneously applies the law." We agree and reverse. We need not address director's other two points.

I. Background

A Desloge police officer arrested driver with probable cause to believe he was driving while intoxicated. Chemical analysis of driver's breath revealed a blood alcohol concentration (BAC) of .106 percent. Pursuant to § 302.520, officer served driver with a notice of suspension.

At an administrative hearing, the suspension was reviewed and upheld. Pursuant to § 302.535, driver requested and obtained a trial de novo before the circuit court.

* Unless otherwise noted, all statutory references are to RSMo 1994.

At trial, officer testified to the following events: At approximately 1 a.m. on May 15, 1993, officer saw driver "weaving on the roadway and ·... traveling off the paved portion of the roadway." He stopped driver "to find out if there was any kind of a problem."

Officer noticed driver was "unsteady on his feet" and "his eyes were very watery, bloodshot and ... [had] a glassy look about them." Officer also detected "the odor of an alcoholic beverage on [driver's] breath."

Driver performed several field sobriety tests for officer. Based on driver's performance on these tests, officer formed an opinion that driver was under the influence of alcohol. Thus, he arrested driver for violation of a Desloge city ordinance prohibiting driving while intoxicated.

Officer transported driver to the police station where driver consented to a breath test. At the time, officer was certified by the Missouri Department of Health to administer the test. He administered the test in accordance with the rules promulgated by the Department.

Another Desloge police officer testified. He said he was certified to do maintenance inspections and reports on the breathalyzer machine used to test driver's BAC. He did such a check on April 14, 1993, 31 days before driver's arrest. On that date, he found the machine to be functioning properly.

Driver submitted six exhibits. They were the suspension notice given to driver by officer, two similar notices prepared by director but never mailed to driver, officer's alcohol influence report, driver's request for an administrative hearing, and a copy of the findings of fact and conclusions of law made by the administrative hearing officer.

Driver presented only one witness, his attorney. The attorney testified about his objections to the administrative hearing procedures. Driver did not present any other evidence.

On January 24, 1995, the circuit court entered judgment reinstating driver's license.

## II. Sufficiency of Evidence

Director's first point on appeal alleges, "The court below erred in setting aside the suspension of [driver's] license because said suspension was proper, in that the evidence established that he had a BAC of at least .10%." She contends the court's judgment is "unsupported by the evidence and erroneously applies the law." There is no contention the trial court's judgment was based on any findings of lack of credibility.

At trial, director had the burden to prove, by a preponderance of the evidence, that 1) officer had probable cause to arrest driver for driving while intoxicated, and 2) at the time of the arrest, driver's BAC was .10 percent or greater. *Buckley v. Director of Rev.*, 864 S.W.2d 394, 395 (Mo.App.E.D. 1993). Here, the judgment states, "The evidence is presented and the Court finds that there is insufficient evidence to establish that [driver] was driving a motor vehicle while his [BAC] was ten-hundredths of one percent (.10) percent or more...." We will affirm a trial court's judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless the trial court erroneously declared or applied the law. *Id.* All of the evidence in this case supports a finding that driver's BAC was greater than .10 percent at the time of his arrest. There is no evidence to the contrary.

At trial, driver argued that the breathalyzer machine was not "properly inspected according to Department of Health's regulations." He also argued: "The officer himself stated that based on the time of his arrest and the time as shown on the printout, he couldn't testify that the alcohol content in the [driver's] blood hadn't changed during that time. And therefore, we don't think they've established their case."

This court has said, once director "presents evidence to show the officer administering the test was certified and that the test was administered in accordance with established procedures, a claim that the test results are invalid can only succeed if there is some evidence to suggest a malfunction of the machine." *Thurman v. Director of Rev.*, 745 S.W.2d 260, 262 (Mo.App.E.D.1988).

Driver presented no evidence to suggest the machine was malfunctioning.

Moreover, driver presented no evidence that his BAC was different between the time he was driving and the time of the test. He merely argues that it "could have been higher or lower." Director is only required to show driver's BAC at the time of the test. It would be unreasonable to require a showing of driver's BAC at the actual moment of driving. *See, Hieger v. Director of Rev.*, 733 S.W.2d 491, 492–93 (Mo.App.E.D.1987).

No matter upon which of driver's arguments the circuit court's judgment is based, it erroneously applies the law. Thus, we reverse. Director's other two points are moot.

The trial court's judgment is reversed. Director's order suspending driver's license is reinstated for a period to be determined by the Department of Revenue in accordance with § 302.525.

AHRENS and DOWD, JJ., concur.