William G. JURGIEL, Respondent,

v.

DIRECTOR OF REVENUE STATE OF MISSOURI, Appellant.

No. 70668.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 21, 1997.

Jeremiah W. (Jay), Nixon, Atty. Gen., Ronald D. Pridgin, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Andrew H. Koor, Suddarth & Koor, O'Fallon, for respondent.

DOWD, Presiding Judge.

The Director of Revenue (Director) appeals from the trial court's order reinstating petitioner William G. Jurgiel's (Driver) driving privileges. We reverse and remand for a reinstatement of Director's order of suspension.

Driver was arrested for driving while intoxicated on August 12, 1995. He was issued a notice of suspension of his driving privileges and requested an administrative hearing to appeal the suspension. When this was denied, Driver filed an application for a trial de novo with the circuit court. Director and Driver submitted the case to the circuit court solely on the written reports from the arrest. The circuit court reinstated Driver's license without comment. Director filed this appeal alleging that the trial court erred in setting aside Driver's suspension because the uncontroverted evidence established that Driver was arrested upon probable cause to believe that he was driving while intoxicated and that when arrested he had a blood alcohol content of .10 percent or more.

Our review of this case is controlled by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Cain v. Director of Revenue*, 896 S.W.2d 724, 726 (Mo.App. E.D. 1995). The decision of the trial court will be affirmed unless (1) it is unsupported by substantial evidence; (2) it is against the weight of the evidence; or (3) it erroneously declares or applies the law. *Murphy*, 536 S.W.2d at 32. Furthermore, we review the evidence and reasonable inferences drawn from the evidence in the light most favorable to the verdict. *Miller v. Director of Revenue*, 719 S.W.2d 787, 789 (Mo. banc 1986). *Cain v. Director of Revenue*, 896 S.W.2d at 726.

The evidence presented to the trial court consisted of the police report made by the arresting officer and the alcohol influence report created following Driver's arrest. Director contends that the above evidence was sufficient to support the suspension. Driver contends that the trial court's revocation of the suspension was justified because the documents offered into evidence did not include evidence that the chemical solutions used to test and calibrate the breath analysis machine had been certified by their manufacturer as is required by 19 C.S.R. 20–30.050(4).

At trial, Director had the burden to prove, by a preponderance of the evidence, that (1) the arresting officer had probable cause to arrest Driver for driving while intoxicated; and (2) at the time of the arrest, Driver's BAC was .10 percent or greater. *Walker v. Director of Revenue*, 922 S.W.2d 57, 58 (Mo.App. E.D.1996), citing *Buckley v. Director of Rev.*, 864 S.W.2d 394, 395 (Mo. App. E.D.1993). Because all of the evidence before the trial court indicated that the arresting officer had probable cause and that Driver's BAC exceeded .10 percent, we find that Director met this burden.

The arresting officer's report states that Driver smelled like alcohol, that he admitted just having left a bar, and that he

staggered while complying with the officer's instruction to get out of his car. The report also indicates that officer conducted field sobriety tests which Driver failed. During the one-leg-stand test, Driver could not stand on his left leg without swaying, using his arms to balance himself and putting his right leg down. He could not do the test with his right leg. During the walk and turn test, Driver could not keep his balance while listening to the instructions, stopped while walking, and failed to touch his heel to his toe. Again, he used his arms to balance himself and also took the incorrect number of steps. Driver also failed the gaze nystagmus test. This evidence is sufficient to establish that the officer had probable cause to arrest Driver for driving while intoxicated.

█ The report also shows that after placing Driver under arrest, the officer took Driver to the police station where a breath analysis was performed. The alcohol influence report indicates that Driver's blood alcohol content was .16 percent. Director argues that this report is sufficient to establish that Driver's blood alcohol content exceeded the legal limit. Driver's only argument against the sufficiency of the evidence is that the maintenance report for the machine used to test Driver did not include a manufacturer's certification of the calibrating solution used to test the breath analysis machine.

The inclusion of such certification is mandated by 19 C.S.R. 20–30.050(4). It provides:

Approved standard simulator solutions used to verify and calibrate breath analyzers shall be certified by the manufacturer of that solution, and evidence of such certification shall accompany the maintenance report.

Director points to a notation made on the maintenance report which lists the manufacturer of the solution as well as its lot and bottle number. Director contends this is sufficient to satisfy the requirement of 19 C.S.R. 20–30.050(4). We need not resolve this issue. Director correctly notes that there is no evidence that Driver offered any objection to the admission of the blood tests performed upon him. Driver responds that as the record consists only of the reports presented to the trial court, and no transcript of any proceeding before the trial court was made, there is also no evidence that an objection was not made. However, on appeal, Driver has admitted that he made no objection to the admission of this evidence because in his estimation, absent the certification of the calibrating solution, the evidence was simply insufficient to support the suspension. We disagree.

This court, as well as the Supreme Court of Missouri, has held that compliance with the regulations mandating the production of maintenance reports only becomes an issue if a proper timely objection is made. *Sellenriek v. Director of Revenue*, 826 S.W.2d 338, 341 (Mo. banc 1992); *Covington v. Director of Revenue*, 903 S.W.2d 673, 676 (Mo.App. E.D.1995). As the instant case involves the requirements governing what must be included in the maintenance report when offered into evidence, the same rule applies.

As Driver has conceded that no objection was made, the lack of a certification of the solution used to calibrate the breath analysis machine does not affect the sufficiency of the evidence presented. The results from the breath analysis indicated that Driver's blood alcohol count was .16 percent. No evidence to the contrary was offered. That being the case, the trial court's order reinstating Driver's driving privileges is unsupported by substantial evidence. The judgment of the trial court is reversed and the cause remanded for the trial court to enter a judgment reinstating Driver's suspension.

REINHARD and GARY M. GAERTNER, JJ., concur.