**Kevin W. YOUNG, Appellant,**

v.

**DIRECTOR OF REVENUE, Duane Benton, Respondent.**

**No. WD 45143.**

Missouri Court of Appeals,
Western District.

May 5, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
June 30, 1992.

Application to Transfer Denied
Sept. 22, 1992.

Dennis H. Hunt, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Tracey L. Dano, Sp. Asst. Atty. Gen., Missouri Dept. of Revenue, Independence, for respondent.

Before SHANGLER, P.J., and KENNEDY and SMART, JJ.

SHANGLER, Presiding Judge.

The circuit court on trial de novo found that the initial arrest of the petitioner Young was upon probable cause and that chemical analysis disclosed that the alcohol content of his blood was then .13 percent or more by weight, and ordered that the suspension or revocation of his driver's license was required by §§ 302.500 to 302.540. Young appeals from that order.

Young was stopped for speeding and failing to signal for lane changes and a right hand turn. Officer Kelly of the Kansas City Police Department detected a strong odor of alcohol on his breath. Young admitted the consumption of four sixteen-ounce cans of beer as well as a half a gram of marihuana. The officer formed the opinion that Young was intoxicated, and Young agreed to submit to the breath test. Officer Kelly administered the test on an Intoximeter 3000. He held a Type III permit for such purposes. Officer Kelly followed a checklist in that operation and observed each procedure in the sequence listed, and then certified that there was no deviation from the rules of the department of health relating to the determination of blood alcohol by breath analysis. He certified also that the machine functioned properly during the test procedures and that he was authorized to operate the breathalyzer instrument.

The test result was a blood alcohol level of 0.131%. The checklist and the results of the breathalyzer test were received in evidence. The form used by Officer Kelly was page 3 of the Kansas City Police Department's alcohol influence report. The form required by Missouri Department of Health regulation is Blood Alcohol Test Report # 3. Each constitutes a checklist for the operation of the Intoximeter 3000, the machine Officer Kelly used to administer the breath test. It was that form, completed and then certified by Officer Kelly, that the court received into evidence. Young objected that the exhibit was not the form prescribed by official regulation for a test on the Intoximeter 3000 machine, and hence was not proper evidence. The trial court took judicial notice of 19 CSR 20–30 which delineates the testing requirements for breath analysis machines in this state. The court then compared page 3 of the Kansas City Police Department's alcohol influence report, the form used by Officer Kelly, with the blood alcohol test report Form # 3 promulgated by the department of health for the Intoximeter 3000, and

concluded that the form used by Officer Kelly complied with the regulatory requirements.[1]

Young points out that for a chemical test to be valid it must be performed in accordance with the "methods, devises and standards" approved by the Missouri Division of Health, and to be admitted into evidence the test must be performed in accordance with those methods, devises and standards. *See* §§ 577.026.(1) and 577.037.4. The regulations promulgated by the Department of Health, moreover, provide that breath analyzers shall be operated strictly in accordance with the procedures set out in 19 CSR 20–30.060. "An operational checklist, including the certification section, shall be completed with each breath test at the time of the test, by the individual performing the test." 19 CSR 20–30.011(5)(A). Subsection (3) of 19 CSR 20–30.060 directs that when using the Intoximeter 3000 model, *the procedures on [form 3] shall be performed and the form shall be completed.*

The *methods and standards* that validate a chemical test result as evidence under these statutes and regulations, Young concludes, refers not only to the devices used and the qualification of the operator, but also to the form designated for the particular device and its completion by the operator. Thus, since the procedures followed by Officer Kelly were those of the Kansas City Police Department form, and not Department of Health Form 3, the Kansas City Police Department alcohol influence report was improperly received as proof of the test results. Moreover, since that was also the form Officer Kelly certified, the chemical analysis the form reported was not admissible as evidence. And since the proper form, properly completed and certified, serves as the statutory "substitute for the common law foundation for the introduction of evidence

of analysis for blood alcohol," [citing *State v. Regalado,* 806 S.W.2d 86, 88 (Mo.App. 1991)] the neglect to use, complete and certify the proper form leaves even the testimony of the officer without basis for admissibility.

In this formulation [so Young argues], the completed checklist on the proper form, properly certified, becomes "in every instance the best evidence" and any account by the police officer witness only "hearsay testimony."

■ A prima facie foundation for the introduction of breath analysis test results is established if the test is performed according to the techniques and methods approved by the division of health, by an operator holding a valid permit, and by the use of devices and equipment approved by the division. *Stuhr v. Director of Revenue,* 766 S.W.2d 446, 449 (Mo. banc 1989).

■ The argument, that the failure of the officer to use and complete the official form prescribed by department regulation will deprive it of efficacy as a foundation for the breathalyzer test result, may have validity in the administrative phase of license suspension or revocation. *See* § 302.510.1 & .2. That is because, at the administrative phase of a suspension or revocation order, the state may acquit its burden to prove a prima facie case exclusively by the records and report of the chemical test in the file of the Department of Revenue, and the test report is required by statute to "be made on forms supplied by the department or in a manner specified by regulations of the department." § 302.-510.2; *Stewart v. Director of Revenue,* 702 S.W.2d 472, 475[7] (Mo. banc 1986); *Collins v. Director of Revenue,* 691 S.W.2d 246, 252[11, 12] (Mo. banc 1985); § 302.-530.4. A report on a form not supplied by

---

1. Page 3 of the Kansas City Police Department's alcohol influence report is added as Appendix A. Form # 3 promulgated as the blood alcohol test report by Missouri Department of Health regulation 19 CSR 20–30.060(3) is added as Appendix B.

They are *virtual counterparts.* They differ only in two particulars, one in the checklist and the other in the certification. The checklist in

the Kansas City Police Department report, box 3, requires the entry of more, and somewhat different, information than does box 3 counterpart on official Form # 3. The certification on page 3 of the Kansas City Police Department report form does not duplicate the boxes to check shown on official Form # 3.

The two forms are otherwise conformed in substance, sequence and design.

the department or made in a manner other than as specified by the department, therefore, may induce a flaw fatal to the discharge of the burden of proof by the records alone. *Leach v. Director of Revenue*, 705 S.W.2d 125, 127[1] (Mo.App.1986); *State v. Purvis*, 739 S.W.2d 589, 591[4–6] (Mo.App.1987).

■ The order of suspension on this review, however, is not an administrative adjudication, but a judgment on a trial anew a plenary judicial adjudication by the circuit court conducted under the rules of civil procedure. § 302.535. It is the forum where a driver aggrieved by the administrative suspension or revocation of the driving privilege because of intoxication may start afresh in the attack on the Department's order. In that attack, the driver may use a new strategy, present new evidence, confront the state's witnesses "unconstrained by prior proceedings and findings at the administrative level." *Jarvis v. Director of Revenue*, 804 S.W.2d 22, 24[4] (Mo. banc 1991). In short, the trial de novo that § 302.535 prescribes accommodates the imperative of due process that the state "provide some forum for the determination of the essential elements necessary to suspend the driving privilege under state law." *Id.* The prima facie proof of those elements in the judicial forum are not confined to the reports and records in the Department's file, as may be done at the administrative phase of license suspension, but by all available evidence, as at any other trial. *Leach v. Director of Revenue*, 705 S.W.2d at 127[1].

A court that favors the form or content of the official reports over witness testimony on the trial de novo so as to preclude evidence from the arresting officer as Young contends for invites error. *Id.* at 127[2]. To void a suspension at the trial de novo on flaws in literal procedural observances flouts the legislative purpose, "to expeditiously remove the most dangerous drunk drivers from Missouri roadways." *Collins v. Director of Revenue*, 691 S.W.2d

at 252. In the circumstances of this case, where the accuracy of the test results are not contested, it would also contradict the very purpose that the testing procedures serve to nullify the suspension only because the report completed was not the official form. *See Eckhoff v. Director of Revenue*, 745 S.W.2d 815, 816 (Mo.App. 1988).

■ Young does not contest that Officer Kelly was qualified to administer the chemical test on the machine used, the Intoximeter 3000, or that the test followed the approved techniques and methods of official Form # 3. He complains only that the form by which Kelly reported and which he completed was Page 3 of the Kansas City Police Department counterpart of the official form, but not the official form itself. In addition to the completion of page 3 Officer Kelly gave actual testimony as to the observance of every required testing procedure on page 3 and thus, coincidentally, on official Form # 3. This evidence proved, prima facie, a foundation for the test results. *Jannett v. King*, 687 S.W.2d 252, 254[2] (Mo.App. 1985). A claim that the test results are invalid avails only where there is some evidence of a malfunction despite adherence to correct procedure in the administration of the test. *Stuhr v. Director of Revenue*, 766 S.W.2d at 449[4]. Here there is no evidence of machine malfunction or even claim that the test results were invalid.

■ Whatever the irregularity of the form used to report and certify the official test procedures, the testimony of Officer Kelly proves substantive compliance with them. *See Shine v. Director of Revenue*, 807 S.W.2d 160, 163 (Mo.App.1991); *Tomkins v. McNeil*, 782 S.W.2d 400, 402[2] (Mo. App.1989).

The judgment is affirmed.

All concur.

WD45143     APPENDIX A     INT NUMBER 9015 7073 | PAGE 3

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

**NSENT**

...re under arrest for driving while intoxicated.

...determine the alcohol/drug content of your blood. I am requesting you submit to a chemical test of your

☐ Breath ☐ Blood ☐ Saliva ☐ Urine (Check one or two).

...If you refuse to take the test(s), I must file a sworn affidavit with the Director of Revenue who may revoke your Drivers License for one year.

...Evidence of your refusal to take the test may be used against you in prosecution in a court of law.

...5. Having been informed of the reasons for requesting the test(s), will you take the test(s)? ☑ Yes ☐ No   Time: 0259 ☑ AM ☐ PM

NAME OF PERSON PHONED FOR ADVICE   *None*

---

☐ **CHEMICAL TEST REFUSAL**

I have reasonable grounds to believe that said arrested person was driving a motor vehicle upon the public highways of this state while in an intoxicated condition, and I did then and there request said arrested person to submit to a chemical test for the purpose of determining the alcohol/drug content of his/her blood, and did then and there inform said arrested person that evidence of his/her refusal to take the test may be used against him/her and that his/her driver's license may be revoked for one year upon his/her refusal to take the test, and that said arrested person did in fact then and there refuse to submit to the test.

**CHECK TYPE OF INSTRUMENT USED (IF OTHER THAN BELOW) ATTACH CHECKLIST OR LAB REPORT)**

☐ BAC VERIFIER     ☐ BREATHALYZER 900/900A

9015 7073

**Young, Kevin W.**     11-11-90

SUBJECT'S NAME        DATE OF TEST

OPERATIONAL CHECKLIST: INTOXIMETER 3000

INSTRUMENT SERIAL NO.   **4974**     CASE REPORT NO.   **90157073**

☑ 1. Subject observed for at least 15 minutes by *P.O. Terry E. Kelly.* No smoking or oral intake of any material during this time; if vomiting occurs, start again with the 15-minute observation period.

☑ 2. Press START to test.

☑ 3. Type in the following:

Case Report Number - press ENTER     Serial Number - press ENTER
Subject's Name - press ENTER     Permit Number - press ENTER
Subject's Race/Sex - press ENTER     Expiration Date - press ENTER
Subject's D.O.B. - press ENTER     Beat - press ENTER
Operator's Name - press ENTER     Involved - press ENTER

☑ 4. PRG appears - automatic purge.

☑ 5. BLK appears - automatic blank.

☑ 6. STD appears - automatic standard.

☑ 7. SUBJECT BLOW - SUB appears - have subject blow into mouthpiece.

☑ 8. Test result appears on screen.

☑ 9. Test record automatically prints - remove printed test record; attach copy to this report.

Form 126 P.D. (Rev. 7-90)

```
  1    TEST RECORD

   INTOX 3000   SN:4374
   KANSAS CITY POLICE
   SUN NOV 11, 1990
  2  <COMPLAINT #>
   90157073
  3. YOUNG/KEVIN/W
   W/M
  4. <DOB>
   04/26/71
  5. <OPER NAME>
   TERRY/E/KELLY'
   <SERIAL NUMBER>
   2765
   <PERMIT NUMBER>
   R411262
   <EXPIRATION DATE>
  6. 06/21/92
   <BEAT>
  7. 534
   <INVOLVED>
   N
   TEST    VALUE   TIME

   BLK     .000   03:04
   STD     .095   03:04
   BLK     .000   03:04
   SUBJ    .131   03:10
```

---

**CERTIFICATION OF EXAMINATION BY OPERATOR**

AS SET FORTH IN THE RULES PROMULGATED BY THE DEPARTMENT OF HEALTH REGARDING THE DETERMINATION OF BLOOD ALCOHOL BY BREATH ANALYSIS, I CERTIFY THAT:

1. There was no deviation from the procedure approved by the department.
2. To the best of my knowledge the instrument was functioning properly.
3. I am authorized to operate the instrument.
4. No radio transmissions occurred inside the room where and when this test was being conducted, and that the instrument was at its RFI certified location during the test.

*(stamp: MAIL RECEIVED NOV 15 1990 JEFFERSON BUREAU)*

NAME OF OPERATOR *P.O. Terry E. Kelly*     PERMIT NUMBER *R4-11262*     EXPIRATION DATE *6-21-92*

MODEL NUMBER *Intoximeter 3000*   SERIAL NUMBER *4974*     INVENTORY NUMBER *N/A*     BLOOD ALCOHOL CONCENTRATION BY WEIGHT *.131*

·WD45143                              APPENDIX B

Chapter 30—Determination of Blood Alcohol by Blood, Breath, Saliva and Urine Analysis;
                  and Determination for the Presence of Drugs in Blood and Urine        19 CSR 20-30

Form #3                              MISSOURI DEPARTMENT OF HEALTH

                                    BLOOD ALCOHOL TEST REPORT.

| SUBJECT'S NAME | | DATE OF TEST |
| --- | --- | --- |

OPERATIONAL CHECKLIST:  INTOXIMETER 3000

| SERIAL NO. | POLICE DEPT. | COMPLAINT NO. |
| --- | --- | --- |

☐ 1.  Subject observed for at least 15 minutes by _____.
       No smoking or oral intake of any material during this time; if vomiting occurs,
       start again with the 15 minute observation period.

☐ 2.  Press START to test.

☐ 3.  Type in the following:

       Operator's Name - press ENTER
       Subject's Name  - press ENTER
       Subject's D.O.B. - press ENTER
       Arresting Officer's Name - press ENTER
       Complaint Number - press ENTER

☐ 4.  PRG appears - automatic purge

☐ 5.  BLK appears - automatic blank

☐ 6.  STD appears - automatic standard

☐ 7.  SUBJECT BLOW - SUB appears - have subject blow into mouthpiece.

☐ 8.  Test result appears on screen.

☐ 9.  Test record automatically prints - remove printed test record; attach copy
       to this report.

|  | BAC |
| --- | --- |

CERTIFICATION BY OPERATOR

As set forth in the rules promulgated by the Department of Health related to the
determination of blood alcohol by breath analysis, I certify that:

☐ 1.  There was no deviation from the procedure approved by the department.

☐ 2.  To the best of my knowledge the instrument was functioning properly.

☐ 3.  I am authorized to operate the instrument.

☐ 4.  No radio transmission occurred inside the room where and when this
       test was being conducted, and that the instrument was at its RFI
       certified location during the test.

| NAME OF OPERATOR | PERMIT NO. | EXPIRATION DATE |
| --- | --- | --- |
| WITNESS (IF ANY) | | DATE |