Francisco BAUTISTA, Appellant,

v.

DIRECTOR OF REVENUE, State
of Missouri, Respondent.

No. WD 46026.

Missouri Court of Appeals,
Western District.

Dec. 8, 1992.

Dennis H. Hunt, Kansas City, for appellant.

William L. Webster, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

Before FENNER, P.J., and TURNAGE and SPINDEN, JJ.

FENNER, Presiding Judge.

Appellant, Francisco Bautista, appeals the judgment of the trial court finding that the suspension or revocation of his driver's license was authorized as required by Sections 302.500 through 302.540, RSMo 1986, upon the court's finding of probable cause to believe that Bautista was driving with alcohol concentration in his blood at .13 per cent or more by weight. Bautista argues on appeal that the trial court erred in admitting the results of the breath analysis test administered to him.

A Breathalyzer Model 900A was used to administer a breath analysis test to Bautista in the case at bar. The operating procedure for a Breathalyzer Model 900A is addressed in Missouri Department of Health Regulation 19 CSR 20–30.060(1). This regulation provides a form to be completed when a breath analysis test is administered on a Breathalyzer Model 900 or 900A (Form # 1). Form # 1 provides, among other matters, for the breathalyzer operator to check certain boxes as part of the certification by the officer that the test was properly administered. Form # 1 also provides spaces for the date of the test and the name of the subject of the test.

Officer Deborah Randol administered the breath analysis test to Bautista. Officer Randol used a breath analysis test form provided by the Kansas City, Missouri Police Department in administering the test (KC Form).

In his first point on appeal, Bautista argues that the trial court erred in admitting the results of his breath analysis test because there was insufficient foundation for its admission into evidence. Bautista argues that the KC Form did not comply with the requirements of 19 CSR 20–30.-060(1), Form # 1. Specifically, Bautista argues that the KC Form did not provide boxes to be checked as part of the certification by the officer administering the test and, further, that the KC Form did not provide spaces for the date of the test or the name of the subject to whom the test was administered.

A similar argument to that raised by Bautista was recently decided by this court in *Young v. Director of Revenue*, 835 S.W.2d 332 (W.D.Mo.App.1992). In *Young*, the breath analysis test was conducted on an Intoximeter 3000, rather than a Breathalyzer Model 900A as was used in the case at bar. *Id.* at 333. Young argued in his appeal that the breath analysis test report used by the Kansas City Police Department was not the same form as the form prescribed under 19 CSR 20–30.060(3). *Id.* at 333. In *Young*, the court analyzed the approved form against the form used, and found the form used to be in conformity with the approved form except for an insignificant variation in information requested and lack of boxes to be checked in the portion of the Kansas City Police Department Form where the form was certified by the officer administering the test. *Id.* at 333–34.

In *Young*, the court held that in a trial de novo, pursuant to Section 302.535, RSMo 1986, the prima facia proof of the Director of Revenue's case is not confined to the reports and records available, but rather may be proved by all available evidence. *Id.* at 334–35. *Young* allowed for the admission of evidence by way of testimony of the officer who administered the breath analysis test to show compliance with the Department of Health Regulations in addition to the content of the official breath analysis test report. *Id.* at 334–35 (citing *Leach v. Director of Revenue*, 705 S.W.2d 125, 127 (Mo.App.1986)).

In *Shine v. Director of Revenue*, 807 S.W.2d 160 (Mo.App.1991), the operator's compliance with 19 CSR 20–30.011(5)(A) was likewise challenged due to his failure to check the boxes in the certification area

of the check list on the form used for administering the breath test. In *Shine*, the officer testified that he followed each of the steps set out in the check list and even though he did not mechanically check the boxes on the form, he made the certifications that appeared on the checklist. *Id.* at 161. The court found this evidence sufficient to show compliance with the Department of Health regulations. *Id.* at 163.

In the case at bar, Officer Randol testified that she followed all of the steps listed on the KC Form. This testimony eliminates any alleged deficiency for lack of boxes being checked to certify compliance with the requisite procedures for administering a breath analysis test. Furthermore, Officer Randol's breath analysis test report reflects the subject's name and the date and time of the test, albeit in a different format than as provided on Form # 1. The KC Form was properly admitted in evidence and together with Officer Randol's testimony, shows compliance with the relevant Department of Health Regulation, 19 CSR 20–30.060(1).

Bautista's first point is denied.

In his second point, Bautista argues that the breath test results were improperly admitted in evidence because the breathalyzer report, KC Form, was not completed by the officer who administered the test as required by 19 CSR 20–30.060.

As stated previously, Officer Randol testified that she followed all the steps listed on the KC Form. However, the only portion of the KC Form that Officer Randol actually filled out was the certification section. The other information recorded on the form was recorded by Officer Woodbury, who was the arresting officer and assisted Officer Randol with the administration of the breath test. Bautista argues that the breath analysis test is inadmissible unless the officer actually administering the test completes the alcohol influence report.

In *Young v. Director of Revenue*, as noted under the first point herein, this court held that testimony from the officer administering the breath analysis test is admissible to show compliance with the De-

partment of Health Regulations. *Young v. Director of Revenue*, at 334–35. Proof of compliance is not limited to the records themselves. *Id.*

Officer Randol's testimony that she completed the steps listed on the KC Form was sufficient to allow admission of the KC Form in evidence. Bautista's second point is denied.

The judgment of the trial court is affirmed.

All concur.