**Darrell L. QUICK, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. 70135.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 21, 1997.

---

1. Petitioner had previously received a thirty day suspension; thus, he was subject to a sixty day suspension. § 302.304.3(2).

2. All statutory citations are RSMo 1994.

3. The legislature amended § 302.304 in 1996 and directed points to be accumulated on the date of conviction.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Darrell L. Quick, pro se.

GARY M. GAERTNER, Judge.

Appellant, the Director of Revenue ("Director"), appeals the judgment of the Circuit Court of Gasconade County setting aside the suspension of Darrell L. Quick's ("driver's") driving privileges, imposed pursuant to RSMo § 302.505 (1994). We reverse and remand.

On April 2, 1995, Trooper Anthony Maddox of the Missouri State Highway Patrol was travelling west on Missouri Highway 28. He noticed driver approaching him in the eastbound lane. Maddox, observing driver weaving back and forth in his lane as they passed each other, turned his patrol car around and followed driver. While following him, he noticed driver continuously weaving and crossing over the center lane.

Maddox stopped driver. He noted driver's speech was slurred, and his eyes were bloodshot and glassy. Maddox had driver perform several field sobriety tests. When driver did not perform these tests satisfactorily, Maddox placed him under arrest for driving while intoxicated and transported him to the Owensville Police Department for a breathalyzer test. Driver's test result showed his blood alcohol content ("BAC") to be .10 percent, in violation of the legal limit.

Driver's license was subsequently suspended after an administrative proceeding. Driver petitioned for a trial *de novo*. At the trial, Maddox testified he held a permit to conduct breathalyzer tests on the machine used. He stated he administered the test pursuant to the Department of Health guidelines. Maddox's operator's permit, along with the checklist he filled out while administering the test, were admitted into evidence. Driver also testified at trial. He stated he was told to blow into the breathalyzer machine twice, because his first breath was too light. He testified Trooper Maddox did not change the mouthpiece "when [he] blew the second time." The trial court subsequently issued its judgment setting aside Director's suspension of driver's driving privileges. Director appeals.

█ Upon review, we will affirm the judgment of the trial court if it is supported by substantial evidence and is not against the weight of the evidence, and no error of law appears. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). Director contends the trial court's judgment is not supported by substantial evidence. After reviewing the

record in the instant case, we agree with Director and find the judgment of the trial court must be reversed.[1]

■ At trial, driver argued Trooper Maddox failed "to clear" the breathalyzer machine when he blew into it the second time, thereby rendering his test results inadmissible. A *prima facie* foundation for the admission of breathalyzer test results is established if the test is administered in accordance with the approved methods and techniques of the Department of Health, the test is administered by one holding a valid permit, and the test is performed with devices and on equipment approved by the Department. *Young v. Director of Revenue*, 835 S.W.2d 332, 334 (Mo.App. W.D. 1992).

■ Here, Director made a *prima facie* case as to the admissibility of driver's test results. Driver failed to rebut this presumption. Maddox testified and the evidence showed the trooper complied with the Department's applicable regulations for administering chemical tests. While he claimed the trooper erred in failing to change the mouthpiece on the machine, driver did not offer any Department of Health rule, regulation, or guideline requiring such course of action. Moreover, the trial court's judgment noted that "[n]either was there any evidence that more than one blow would produce a higher reading." We find the trial court's reinstatement of driver's driving privileges to be erroneous.

Based on the foregoing, the judgment of the trial court is reversed, and the case is remanded with directions to enter a judgment in favor of Director.

DOWD, P.J., and REINHARD, J., concur.