**Dale Ray ANDERSEN, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. WD 52042.

Missouri Court of Appeals, Western District.

March 11, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 29, 1997.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Special Assistant Attorney General, Missouri Department of Revenue, Jefferson City, for appellant.

Jay Benson, Kirksville, for respondent.

SPINDEN, Judge.

The circuit court ruled that the director of the Department of Revenue did not meet her burden of proving that Dale Ray Andersen was driving while intoxicated because the director did not convince the court that Andersen's blood alcohol concentration (BAC) was .10 percent when he was driving his pickup. A breath test administered nearly an hour after Andersen was arrested indicated that his BAC was .10 percent, but Andersen submitted to the court that he had "chugged" down a bottle of beer briefly before an officer stopped his pickup and that his BAC was rising when the officer gave him the breath test. The circuit court indicated that because the director did not establish the rate at which Andersen's BAC rose after "chugging" the beer, she failed to meet her burden of showing that Andersen's BAC was at least .10 percent when he was driving.

The director appeals. Because the circuit court required the director to prove more than she was obligated to prove, we remand for a new trial.

A Kirksville police officer stopped Andersen's pickup at 1:27 A.M. on June 16, 1995, when the officer saw the pickup's left tires cross a street's center line. The officer smelled "a moderate odor of beer" when he talked to Andersen, and Andersen admitted to the officer that he had drunk "about three beers." After administering sobriety tests, the officer believed he had probable cause to arrest Andersen for driving while intoxicated.

The officer took Andersen to police headquarters. After watching Andersen for the requisite 15 minutes, the officer administered a breath test at 2:23 A.M., about 56 minutes after the initial stop. The test indicated that Andersen's BAC was .10 percent. Andersen told the officer that he quit drinking beer at 12:30 A.M., two hours before the test, and that he had drunk "four beers."

At trial, Andersen testified that he drank a fourth bottle of beer at about 1:00 A.M., the bar's closing time, and that he "just chugged [it] down." He said that he had begun drinking beer at 10:30 P.M. He testified that he felt more intoxicated at 2:23 A.M. than he did at 1:27 A.M. when the officer stopped his truck.

The circuit court concluded that the director did not prove that Andersen's BAC was .10 percent when he was driving. The court reasoned that the "chugged" beer should have caused Andersen's BAC to rise but:

> [W]ith no scientific evidence before the Court how fast it rises, how slow it rises, or how soon other levels would drop; but the burden here is on the State, on the Director, to prove that it was .1 at the time he was driving and not 56 minutes later. Logically, it would go up after he drank that beer and it would go up after he was stopped, and if it went up afterwards, then it would be higher at the time of the testing. If it were higher at the time of the testing, because it would have gone up from the beer, that would mean then, if it was .1 then, it could not be .1 before.

The circuit court required the director to prove more than she was obligated to prove.

The Supreme Court has declared that if the director establishes by credible and competent evidence that a driver was arrested on probable cause and that proper chemical analysis shows that the driver's blood alcohol concentration was above the statutory limit, the director has made a submissible case that the driver was driving while intoxicated. *Collins v. Director of Revenue, State of Missouri*, 691 S.W.2d 246, 252 (Mo. banc 1985). When the director makes a *prima facie* case, the burden shifts to the driver to establish

that his BAC was not at least .10 percent when he was driving. "Once the director proved [her] case by a preponderance of the evidence, it was then incumbent upon driver to present evidence that his BAC was less than [the statutory limit] at the time he was driving his car." *Hieger v. Director of Revenue*, 733 S.W.2d 491, 492–93 (Mo.App.1987).

We, therefore, remand for a new trial. If the director makes a *prima facie* case by establishing probable cause for Andersen's arrest and that a valid chemical analysis sets his BAC at .10 percent or higher, the circuit court shall place the burden on Andersen to establish by a preponderance of the evidence that his BAC was less than .10 percent when he was driving his pickup at 1:27 A.M. on June 16, 1995.

SMART, P.J., and ELLIS, J., concur.