Gary Lynn GREEN,
Petitioner/Respondent,

v.

DIRECTOR OF REVENUE STATE OF
MISSOURI, Respondent/Appellant.

No. 72314.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 17, 1998.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Catherine N. Zacharias, Special Asst. Attys. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Malcolm H. Montgomery, Johnson, Montgomery & Maguire, Cape Girardeau, for respondent.

CRANE, Presiding Judge.

The Director of Revenue (Director) appeals from the circuit court judgment reinstating petitioner's driving privileges after a trial *de novo.* We reverse.

Pursuant to the administrative procedures set out in Sections 302.500–302.540 RSMo (1994), the Director suspended petitioner's driving privileges following a determination that petitioner was arrested upon probable cause to believe he was driving a motor vehicle while his blood alcohol concentration (BAC) was .10 per cent or more. *See* Section 302.505. The Director subsequently sustained the suspension after an administrative appeal. Petitioner requested a trial *de novo* with the circuit court under Section 302.535.

On March 4, 1997 the case was called for trial, and both parties presented evidence. Director's evidence submitted to the court consisted of the following: (1) arresting officer's Alcohol Influence Report; (2) BAC

Data master maintenance report and certificate of analysis dated September 5, 1996; (3) petitioner's Missouri driving record; (4) Department of Health Regulations; (5) BAC Data master test printout showing petitioner's BAC to be .104 per cent by weight; (6) testimony of the arresting officer on petitioner's September 15, 1996 arrest.

Petitioner's evidence submitted to the court consisted of the following: (1) testimony of petitioner's girlfriend, his passenger on the night of the arrest; (2) petitioner's own testimony; (3) testimony of an expert witness on toxicology and pharmacology.

Petitioner attempted to prove that the results of the breath test showing his blood alcohol to be .104 by weight did not accurately reflect his BAC at the time he was driving because (1) he was wearing false teeth at the time the test was administered, (2) his BAC was rising at the time the test was administered, and (3) a margin of error exists in the Data master breath test results.

After taking the matter under advisement, the trial court entered the following judgment:

On March 4, 1997, petitioner appears in person and by his attorney, Malcolm H. Montgomery, and respondent appears by its attorney, Sarah J. Rohwedder, and petitioner's Petition for Trial De Novo from the Decision of the Department of Revenue is taken up, with testimony presented. The Court finds that although petitioner was arrested upon probable cause to believe he had been driving in violation of an alcohol related offense, the Court fails to find that by a preponderance of evidence, petitioner was driving his motor vehicle at a time when his BAC was at least .10% by weight.

It is therefore ORDERED, ADJUDGED AND DECREED the decision of the Department of Revenue suspending petitioner's driver's license shall be that be rendered void and held for naught, and that all record of suspension of petitioner's driver's licenses resulting from this cause be removed from petitioner's records as generated by respondent.

The Director appeals, claiming that the evidence reflected a blood alcohol content of at least .10% and that petitioner's evidence failed to rebut the Director's *prima facie* case established by the test results.

■ On appeal we affirm the decision of the trial court unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ At the trial *de novo* the Director had the burden of proving, by a preponderance of the evidence, that (1) the driver was arrested on probable cause that he was driving in violation of an alcohol-related offense, and (2) at the time of the arrest, the BAC was .10 per cent or greater. Whitworth v. Director of Revenue, 953 S.W.2d 142, 143 (Mo.App. 1997). Petitioner concedes that the Director presented a *prima facie* case at the trial *de novo* by presenting evidence there was probable cause to arrest him for driving while intoxicated and evidence that his blood alcohol content was .10 per cent or more. However, petitioner argues that he presented evidence sufficient to contradict the Director's breath test results and that the Director failed to show by a preponderance of the evidence that, at the time of driving, petitioner's BAC exceeded the statutory limit of .10 per cent.

■ When the Director makes a *prima facie* case, the burden shifts to the driver to establish that his BAC was not at least .10 per cent when he was driving. Andersen v. Director of Revenue, 944 S.W.2d 222, 223–224 (Mo.App.1997). Because the Director made a *prima facie* case by establishing probable cause of petitioner's arrest and a valid breath analysis set his BAC at .10 per cent or higher, the burden was on petitioner to establish by a preponderance of the evidence that his BAC was less than .10 per cent when he was driving his vehicle at 12:36 a.m. on September 15, 1996. *Id.* at 224. Petitioner's expert witness, Dr. Terry Martinez, an associate professor of toxicology and pharmacology at the St. Louis College of Pharmacy, testified that three factors, (1) the rising alcohol situation, (2) the presence of

false teeth, and (3) the known standard of error of the Data master machine, caused the breath test results showing petitioner's BAC to be .104 per cent to not be accurate within a reasonable degree of scientific certainty. The Director contends that petitioner's evidence was insufficient to rebut the *prima facie* case established by the test results.

### 1. *Rising Alcohol Effect*

■ Petitioner testified that he arrived at Leemon's Lounge at 11:30 p.m., drank two beers while at the bar, and chugged the last half of his girlfriend's beer about five minutes before he was stopped at 12:37 a.m. The test was administered at 1:08 a.m. Dr. Martinez testified that it takes between one-half and two hours after ingestion for alcohol to reach its peak in a person's bloodstream. He further testified that although it depends on what is in the stomach, the average is 52 minutes for beer. Petitioner testified that he had not eaten anything since breakfast that morning. Dr. Martinez opined that petitioner's BAC was rising at the time the test was administered.

Dr. Martinez's testimony at the trial *de novo* regarding the "rising alcohol effect" demonstrates that petitioner's BAC at the actual moment of driving could have been either lower *or* higher than the .104 per cent recorded 31 minutes after he was stopped. According to Dr. Martinez's "rising alcohol effect" theory, petitioner's BAC could have been falling at the time of the test because peaking could take as little as 30 minutes, especially since petitioner had not eaten anything since breakfast that morning.

■ When the legislature provided for the admissibility of BAC, it had to know that there would be some period of time from the determination of probable cause until the test was given. Hieger v. Director of Revenue, 733 S.W.2d 491, 493 (Mo.App.1987). As a result, the Director is not required to show by scientific evidence that a driver had a BAC of .10 or more at the actual moment of driving when it can be reasonably assumed from the other evidence that his BAC at the time of driving was at least .10 per cent. *Id.*; Walker v. Director of Revenue, 922 S.W.2d 57, 59 (Mo.App.1996). In this case it can be

reasonably assumed from the other evidence that petitioner's BAC was at least .10 per cent when he was driving. He had consumed two beers beginning at 11:30 p.m., an hour before he was stopped and an hour and a half before the test. He had half of a beer 36 minutes before he was tested. Petitioner presented no evidence that his BAC was in fact less than .10 per cent at the time he was driving. Petitioner's evidence merely shows that it could have been rising *or* falling. Dr. Martinez's testimony regarding the "rising alcohol effect" was insufficient to rebut the presumption created by the test results. The record does not support a finding that petitioner did not have a BAC of less than .10 per cent at the time he was driving.

2. *False Teeth*

Petitioner was wearing false teeth at the time that the breath test was administered. The arresting officer testified that his training on the Data master machine indicated there was no need to remove false teeth before operating the breath test as long as the 15 minute observation period was observed. The arresting officer observed that petitioner did not put anything in his mouth for 15 minutes prior to the test being administered.

Dr. Martinez testified that the presence of false teeth has an effect on the accuracy of the breathalyzer machine. He further testified that it requires a longer period of time, approximately 27 minutes, to dissipate mouth alcohol when wearing false teeth.

■ While petitioner claims that the test results were inaccurate due to the presence of false teeth, he did not offer any Department of Health rule or regulation requiring false teeth to be removed prior to administering the breath test. Quick v. Director of Revenue, 937 S.W.2d 408, 410 (Mo.App.1997). A *prima facie* foundation for the admission of breathalyzer test results is established if the test is administered in accordance with the approved methods and techniques of the Department of Health, the test is administered by one holding a valid permit, and the test is performed with devices and on equipment approved by the Department. *Id.* Department of Health Regulation 19 CSR 25–30.060, Form #7, which the Director introduced into evidence, mandates that the petitioner be "observed for at least 15 minutes" by the officer administering the test and that there be "[n]o smoking or oral intake of any material during this time; if vomiting occurs, start over with the 15 minute observation period." "Oral intake" is that "which would tend to taint a test result or would prevent the mechanical operation of the breathalyzer machine." Farr v. Director of Revenue, 914 S.W.2d 38, 40 (Mo.App.1996). Dentures or false teeth do not constitute "oral intake" which should be removed from the mouth at the time of testing. *Id.*

■ Furthermore, petitioner had his last drink of alcohol more than 31 minutes prior to the test being administered. According to Dr. Martinez's testimony, any mouth alcohol that may have remained in petitioner's mouth due to his false teeth would have dissipated after 27 minutes. Dr. Martinez's testimony regarding false teeth was not substantial evidence sufficient to rebut Director's *prima facie* case established by the test results.

3. *Margin of Error*

■ The arresting officer administered a breath test to petitioner using a Data master breath analyzer. Once the Director presents evidence to show the officer administering the test was certified and that the test was administered in accordance with established procedures, a claim that the test results are invalid can only succeed if there is some evidence to suggest a malfunction of the machine. *Walker*, 922 S.W.2d at 58. Petitioner presented no evidence to suggest the machine was malfunctioning and does not dispute that the breath test results were properly obtained.

Dr. Martinez testified that the ability of the Data master machine to give an accurate reading is plus or minus five per cent. He further testified that a breathalyzer machine's accuracy to measure alcohol in human beings is plus or minus fifteen per cent.

Breathalyzer test results are essential to establish a *prima facie* case under Section 302.505 RSMo (1994). Lewis v. Lohman, 936 S.W.2d 582, 585 (Mo.App.1996). Courts generally accept the breathalyzer as a reliable

device for the measurement of blood alcohol content. *Id.* Section 302.505 requires that a person's BAC be .10% or more to suspend or revoke the person's license for driving while intoxicated. It does not require the test result to pass the threshold alcohol limit of .10% within the .005% margin of error. *Lewis*, 936 S.W.2d at 585. Dr. Martinez's testimony as to the Data master's margin of error was not substantial evidence sufficient to rebut Director's *prima facie* case.

*Conclusion*

The trial court's order reinstating petitioner's driving privileges is not supported by substantial evidence and is reversed. The Director's order suspending petitioner's driving privileges is reinstated for a period to be determined by the Department of Revenue in accordance with Section 302.525.

RHODES RUSSELL and JAMES R. DOWD, JJ., concur.