**Jay Dee SMITH, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. ED 74662.**

Missouri Court of Appeals,
Eastern District,
Northern Division.

Dec. 7, 1999.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

Stephen Ray Porter, Monroe City, for respondent.

CLIFFORD H. AHRENS, Judge.

The Director of Revenue ("DOR") appeals a judgment by the Monroe County Circuit Court reinstating the driving privileges of Jay Dee Smith ("driver"). The DOR claims it proved a license revocation *prima facie* case by showing driver was arrested upon probable cause that he was driving while intoxicated and driver's blood alcohol content ("BAC") was .189 percent at the time of arrest. The DOR maintains driver failed to rebut this *prima facie* case. We reverse and remand for a new trial.

On August 22, 1997, following a morning shift, driver and several co-workers met at a local tavern, arriving at 7:20 a.m. Driver testified he consumed three and one-half beers at the tavern. At around 10:30 a.m., driver left the tavern and attempted to drive home. On the drive home, however, at approximately 10:35 a.m., driver ran his car into a ditch. Driver was unable to extricate his car from the ditch, and a friend who had been following driver gave him a ride home.

Driver testified that immediately after arriving home, he drank approximately two to three more beers. At 11:06 a.m., a police officer arrived to inquire about driver's wrecked automobile. Driver admitted to driving the car, and the police officer noted his eyes were bloodshot, his speech was slurred, and he smelled of intoxicants.

The police officer administered a battery of field sobriety tests which driver failed.

Driver was arrested and taken to the police station. He agreed to submit to a breath test. At 11:58 a.m., a breath test was administered, and driver's BAC was measured at .189 percent.

Pursuant to section 302.505.1 RSMo (Supp.1998), the DOR revoked driver's driving privileges. Driver filed a petition for a trial de novo. At trial, the only issue driver contested was whether his BAC was at least .10 percent at the time he was driving. Following a bench trial, the court reinstated his driving privileges, explaining no evidence was presented that driver was intoxicated at the time he drove his car into the ditch. This appeal follows.

■ We will affirm the trial court's judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless the trial court erroneously declared or applied the law. *Walker v. Director of Revenue, State of Mo.*, 922 S.W.2d 57 (Mo.App.1996).

In its sole point on appeal, the DOR argues it was not required to prove driver's blood alcohol content at the actual moment he was driving. Rather, it was required only to prove a *prima facie* case by showing driver's blood alcohol content was .189 percent. Moreover, the DOR contends driver's evidence that he drank only two or three beers following the accident was insufficient to show that his blood alcohol content was below .10 percent at the time he was driving.

■ At trial, the DOR has the burden of proving a *prima facie* case for suspension of a driver's license by presenting evidence that (1) the driver was arrested upon probable cause that he or she was driving in violation of an alcohol-related offense and (2) at the time of the arrest, the BAC of driver was .10 percent or greater. *Green v. Director of Revenue State of Mo.*, 961 S.W.2d 936, 938 (Mo.App. 1998). The DOR is not required to show

by scientific evidence that driver had a BAC of .10 percent or more at the actual moment of driving when it can be reasonably assumed from other evidence that his BAC at the time of driving was at least .10 percent. *Id.* Once the DOR makes a *prima facie* case, the burden shifts to driver to establish that his or her BAC was not at least .10 percent while driving. *Andersen v. Director of Revenue, State of Mo.,* 944 S.W.2d 222, 223 (Mo.App.1997).

In the present case, the trial court found there was no evidence presented by [DOR] to establish that [driver] was intoxicated at the time [driver] drove his vehicle into the ditch. Having a blood alcohol content of .189% at the time [driver] was delivered to the police station after his arrest does not establish that [driver's] blood alcohol content was .10% or higher at the time he was actually driving the vehicle.

 We find there was evidence presented that driver was intoxicated at the time he drove his car into the ditch. The DOR produced evidence that driver had been drinking at a bar for three hours prior to the accident. In addition, thirty minutes after the accident, the police officer discovered driver smelling of intoxicants, speaking with a thick tongue, and unstable on his feet. We agree that having a BAC of .189 percent after delivery to the police station does not establish a BAC of at least .10 percent at the time of the accident. However, the burden of proof, by law, mandates only that DOR present a *prima facie* case. The .189 percent BAC coupled with driver's automobile accident, his three hour tavern stay, and his condition thirty minutes after the accident is evidence from which it can be reasonably assumed that his BAC at the time of driving was .10 percent. *See Green,* 961 S.W.2d at 938. As such, the DOR made a *prima facie* case.

This case is factually similar to *Andersen.* There, Andersen was stopped after he was caught driving his car across the street's center line. *Andersen,* 944 S.W.2d

at 223. The police officer noticed a moderate odor of beer, administered sobriety tests, and ultimately arrested Andersen. *Id.* In a license revocation hearing, Andersen admitted "chugging" a bottle of beer half an hour before being pulled over and claimed he felt more intoxicated at the time of the breathalyzer test than at the time of the stop. *Id.* The trial court concluded that the director did not prove that Andersen's BAC was at .10 percent while he was driving. *Id.*

The court of appeals reversed, finding that the circuit court required the director to prove more than she was obligated to prove. *Id.* The standard is whether the director establishes by credible and competent evidence (1) driver was arrested on probable cause and (2) proper chemical analysis shows driver's BAC was above the statutory limit. *Id.* If so, the DOR has made a submissible case and the burden shifts to the driver to establish his BAC was not .10 percent while driving. *Id.*; *Green,* 961 S.W.2d at 938.

In the case at bar, the trial court required the DOR to prove more than she needed to. The DOR merely needed to establish a *prima facie* case by proving that driver's BAC was over .10 percent at the time of arrest and concomitantly, it could be reasonably assumed that the BAC was also over .10 percent at the time of driving. *Green,* 961 S.W.2d at 938. It was then incumbent upon driver to present evidence that his BAC was less than .10 percent at the time he was driving the car. *Id.* There is nothing in the judgment that suggests the burden ever shifted to driver.

As in *Andersen,* we remand for a new trial. If the DOR makes a *prima facie* case by establishing that a valid chemical analysis sets his BAC at .10 percent or higher, the circuit court shall place the burden on driver to establish by a preponderance of the evidence that his BAC was less than .10 percent at the time of the accident. *See Andersen,* 944 S.W.2d at 224.

182

The judgment is reversed and remanded for a new trial.

KATHIANNE KNAUP CRANE, J., Concurs.

RICHARD B. TEITELMAN, J., Concurs.